Samuel M. Gold, J.
Section 242-a of the Election Law enacted in 1954 empowered the Board of Elections “to adopt the use of voting machines for any primary election ’ ’. Whether or not to avail itself of this power is a matter resting in the discretion of the board. The board has resolved to use voting machines for the 1960 primary elections wherever practical. This accords with the desire of the petitioner.
Petitioner contends that the order in which the board intends to place the names of candidates on the face of the voting machines does not comply with the provisions of subdivisions 2 of section 104 of the Election Law. That subdivision, however, applies only to paper ballots to be used at primary elections, in contradistinction to subdivision 1, which relates to non-primary elections, and deals with the order in which candidates’ names shall appear ‘ ‘ on the voting machines ’ ’. Although section 242-a provides that “ the provisions of this article shall be observed so far as applicable’” when voting machines are used at primaries, the article referred to is article 9 of the Election Law. That article contains no provisions similar to those contained in subdivision 2 of section 104, which is part of article 5 of the Election Law. Section 242-a in subdivision 7, provides that the Board of Elections “ shall have the power to make all necessary or desirable provisions for such use ’ ’ (namely, the use of voting machines at primaries). The resolution adopted by the board as to the order in which candidates ’ names are to be placed on the voting machine ballots, which petitioner attacks as violative of subdivision 2 of section 104, was within the discretion of the board to enact, in the absence of statutory provisions for voting machines similar to the provisions of subdivision 2 of section 104, relating to paper primary ballots. The respondents’ affidavit points out that identical rules were adopted by the respondent board for the primary elections for the year 1959 and that the regulations are reasonable because they are designed to afford the voter an opportunity to cast his vote with the minimum confusion; further, that the employment of any other technique in slotting candidates would result in chaos and confusion.
Motion denied and petition dismissed. Order filed.