Lewis W. Olliffe, J.
This is an application by the petitioner for an order declaring section 242-a of the Election Law (as amd. by L. 1964, ch. 936) to be invalid, void and unconstitutional and requiring the Board of Elections to “ set up the ballot upon the voting machine to be used in the Primary Election to be held on June 2, 1964 in blocks rather than lines or slates ” and requiring the order in which candidates are to be listed to be determined by law pursuant to section 104 of the Election Law.
*159 In brief, petitioner, a candidate for a Member of Congress from the 13th Congressional District, contends that chapter 936 of the Laws of 1964, signed by the Governor and effective on April 24,1964, is discriminatory and prejudicial to the petitioner in depriving the petitioner of equal protection of the law by giving preference to candidates who are part of a full slate to be placed on the first line or position on the ballot and relegating those candidates with less than a full slate to the second, third, etc. positions.
The Legislature in amending section 242-a by adding subdivision 7 was clearly within its rights to mandate the position that a candidate may have his name placed on the machine if he be part of a slate. The amendment affords the opportunity to all candidates to present an entire slate of candidates or associate and band themselves with others to become part of a slate. Such right or privilege given to all candidates to become members of a slate and thus obtain the alleged preferred position on the machine destroys the efficacy of petitioner’s contention of unequal protection of the law.
It cannot be disputed that with the vast number of party positions and public offices which are contested in a presidential year, that the action of the Legislature in attempting to simplify the voting machine was fair, equitable and reasonable.
It is interesting to note in an analogous situation that the Legislature in promulgating section 105 of the Election Law exercised its legislative right to give a preference to the candidate or candidates of a party which polled the highest number of votes for Governor at the last preceding election.
The manner in which a candidate may have his name placed on the ballot for any primary election is within the sole province of the Legislature and is not justiciable unless the Constitution is violated (Matter of Burr v. Voorhis, 229 N. Y. 382-388).
The issue of the constitutionality of subdivision 7 of section 242-a must be determined by the application of the accepted principle of construction that a presumption of constitutionality attaches to every statute enacted by the Legislature and nothing but a clear violation of the Constitution will justify a court in overruling the legislative will (Farrington v. Pinckney, 1 N Y 2d 74; Wiggins v. Town of Somers, 4 N Y 2d 215; Matter of Spielvogel v. Ford, 1 N Y 2d 558; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537).
This principle of construction is aptly set forth in Defiance Milk Prods. Co. v. Du Mond (supra, pp. 540-541) where the court stated: “ Every legislative enactment carries a strong *160 presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions (Borden’s Co. v. Baldwin, 293 U. S. 194, 209, 210). If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends (United States v. Carolene Products Co., 304 U. S. 144, 154). Questions as to wisdom, need or appropriateness are for the Legislature (Olsen v. Nebraska, 313 U. S. 236, 246). Courts strike down statutes only as a last resort (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367) and only when unconstitutionality is shown beyond a reasonable doubt (Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 79; Matter of Fay, 291 N. Y. 198, 206, 207).”
It is the opinion of this court that the petitioner has failed to demonstrate the unconstitutionality of the statute. Accordingly, the petition is dismissed.