John J. Dillon, J.
This is a special proceeding instituted under the Election Law in which the petitioner, Joseph T. Jackson, seeks to compel the Board of Elections to determine the order in which the names of candidates shall appear on the official ballot in a primary election in accordance with subdivision 2 of section 104 of the Election Law.
The primary contest is to be held on September 14,1965. The petitioner is seeking the Democratic nomination for the position of City Councilman of the City of New Rochelle. There are two candidates to be selected for that position and the petitioner is one of three candidates seeking to win his party’s nomination. The other two candidates filed their designating petition as a slate.
Subdivision 2 of section 104 of the Election Law expressly provides that the Board of Elections shall determine the order in which the names of candidates “ shall be printed on the official primary ballot ”. However, subdivision 2 of section 104 of the Election Law is only applicable to paper ballots (Matter of Greitzer v. Power, 24 Misc 2d 2, affd. 10 A D 2d 921) and voting *919 machines are to be used in the primary contest in which the petitioner is a candidate.
Article 9 of the Election Law specifies the procedures to be followed in connection with the use of voting machines in an election. Subdivision 1 of section 242-a of the Election Law contains the following provision: ‘1 Wherever voting machines are used for primary elections, the board of elections having jurisdiction over elections in the city, county or town concerned shall issue directions for such use for each primary election which shall be in conformity with the provisions of this section and of all other applicable provisions of this chapter and which shall be binding on all election officials in the area concerned. ’ ’
The Board of Elections at a meeting held on July 29, 1963 adopted the following rule:
“In placing candidates names upon the Primary Voting Machine ballot precedence shall be given to those petitions as follows:
“ First — To that petition which names the greatest, number of candidates for Public Office.” (Emphasis added.)
The petitioner contends that the aforesaid rule is arbitrary and capricious and that the order in which the candidates should appear on the ballot should be determined by the drawing of lots. The court is unable to agree with this contention. The rule adopted by the Board of Elections is in accordance with the provisions of subdivision 7 of section 242-a (second) which governs primary elections in New York City. In Matter of Levy v. Power (43 Misc 2d 158, affd. 21 A D 2d 751, affd. 14 N Y 2d 759) the constitutionality of the aforesaid provision was attacked and the court held that the Legislature was within its rights in granting candidates who ran as part of a slate priority position on the ballot.
Accordingly, the relief sought by the petitioner is denied. The court has considered the other argument raised by the respondents to the effect that the petition be dismissed on the ground that it was not brought within the time specified under subdivision 2 of section 330 of the Election Law. However, in view" of the conclusion already reached, there is no need for the court to decide that question.