DALMINTER, INC., Plaintiff, v. DALMINE, S.p.A., et al., Defendants. In the Matter of the Dissolution of DALMINTER, INC. DALMINE, S.p.A. et al., Respondents, v. DALMINTER, INC., et al., Appellants.— Orders entered April 12, 1966 and October 2, 1967, and judgment entered November 1, 1967, unanimously modified, on the law, the facts, and in the exercise of discretion, in accordance with the following memorandum, without costs or disbursements to any of the parties. No notice of appeal was filed from the order of April 12, 1966, but appeals were properly taken from the order of October 2, 1967 and the judgment entered thereon on November 1, 1967. Since the order of 1967 modifies the 1966 order, and, in effect, incorporates it as modified, a review of the 1967 order, of necessity, contemplates consideration of the propriety of the granting of partial summary judgment to the plaintiff in 1966. We find that Special Term acted correctly in so doing, except with respect to the interest claimed under the fifth cause of action. With respect to the principal amount claimed, and the other items of interest, no triable issues were presented. Indeed, as to these items, the defendants practically conceded liability. As to the interest on the fifth cause of action, triable issues were presented. The dates on which payments became due on the several invoices are not clear and are in dispute. Consequently, both orders, and the judgment, must be modified accordingly. However, if the plaintiffs are willing to stipulate to accept interest only from the date of the complaint they may so indicate and it will not be necessary to have a trial on that issue. (See *De Long Corp.* v. *Morrison-Knudsen Co.*, 20 A D 2d 104.) The judgment should also be modified by striking therefrom that provision which reflects

the proper grant of partial summary judgment in the amount of $160,000, plus interest, inasmuch as counsel in open court agreed that that sum be deposited in the joint names of counsel to be so held until the further direction of the court. On this appeal the appellants contended that it was improper to permit the entry of judgment since there are meritorious counterclaims in excess of the amounts claimed in the complaint and directly related thereto. It is quite apparent that under CPLR 3212 (subd. [e]) the court in the proper exercise of discretion may enter partial summary judgment although there exist remaining counterclaims to be tried which are in excess of the claims upon which summary judgment is granted (*Pease & Elliman* v. *926 Park Ave. Corp.*, 23 A D 2d 361, affd. 17 N Y 2d 890) unless the counterclaims are so inseparable from plaintiffs' causes of action that entry of judgment should be withheld. It is quite clear that the remaining claims and counterclaims to be tried are not so inseparable and, consequently, we hold that Special Term properly exercised its discretion in directing the entry of judgment. However, there should be a provision for the severance of those portions of the complaint on which summary judgment has been granted. Special Term properly saw the necessity of providing some protection to the plaintiffs as a condition to the granting of a stay of the issuance of execution. However, in the circumstances of this case we would modify the order and grant a stay of execution pending the trial of the remaining issues upon compliance with the following provisions: There is presently on file a $500,000 bond which was deposited by the defendants as a condition for the granting of a stay of execution pending the outcome of the appeal. As a condition for the continuance of such stay, pending the outcome of the trial, the bond should be continued and modified as necessary so as to have it apply toward payment of any amount which ultimately may be found due the plaintiffs. Furthermore, the trial of the remaining issues should be expedited and held at such time as plaintiffs by reasonable notice indicate their readiness to proceed, but not before 30 days from the entry of the order herein, unless otherwise agreed upon by the parties. The plaintiffs should have the right to a reasonable inspection of the books of the defendants from time to time so that they may be aware of the financial status of the defendants, and be kept aware of any changes thereof. The defendants should be restrained from disposing of any of their assets pending the outcome of the trial, except as may be necessary in the ordinary course of business. Finally, in the event that the defendants fail to comply with any of the terms of the order to be entered herein, the plaintiffs may apply to the court for relief by way of vacating the stay of execution, or for such relief as the court may deem proper. Settle order on notice. Concur — Botein, P. J., Stevens, Eager, Tilzer and Rabin, JJ.