■    Constantine Petikas, Respondent, v. Atco Marine Corp. et al., Appellants.— Judgment, entered August 5, 1968, and order, entered July 24, 1968, granting plaintiff's motion for partial summary judgment, modified, on the law, so as to deny summary judgment as against the individual defendants and to eliminate the provision in the judgment for costs and disbursements, the action severed as to the corporate defendant, and, as so modified, affirmed, without costs or disbursements to any party. Plaintiff having recovered less than $6,000 is not entitled to costs, since the action could have been brought in the Civil Court of the City of New York (CPLR 8102). If recovery ultimately exceeds $6,000 plaintiff will then have established his right to costs. The contract of January 24, 1964 is clearly divisible. As it pertains to the period July 1, 1961 to July 1, 1963, it constitutes a full and complete agreement. The last paragraph, covering a subsequent period, is neither a condition precedent nor a condition subsequent to payment for the earlier period. The agreement upon which plaintiff recovered partial summary judgment is signed by the corporate defendant only and not by the individual defendants. Consequently, granting judgment against the latter was error. There has been no showing of plaintiff's inability to answer in damages. The issues involved in the claim and counterclaim are dissimilar and separable. There is no showing of legal prejudice and hence no basis for withholding judgment in favor of plaintiff in the cause of action as to which there is no factual issue. (*Dalminter, Inc.* v. *Dalmine,* S.p.A., 29 A D 2d 852; *Pease & Elliman* v. *926 Park Ave. Corp.,* 23 A D 2d 361, affd. 17 N Y 2d 890.) Under CPLR 3212 (subd. [e])

the court in the proper exercise of its discretion may enter partial summary judgment in plaintiff's favor although there exists a remaining counterclaim to be tried which is in excess of plaintiff's claim. Concur — Eager, J. P., McGivern, Markewich and Nunez, JJ.