Daniel G-. Albert, J.
Petitioner is a candidate in the Democratic Party primary to be held on June 4,1973, for nomination for one of the five public offices of City Councilman of the City of Long Beach, to be filled at the general election in November. He properly filed a designating petition which contained his name alone, with no other candidates for any public office or party position. The respondents, Becker, Neuman, Weill, MacMurray and Batían, properly filed one petition containing all of their names designated for the same public office. Thus, in the forthcoming primary there are six candidates for the five councilman positions. There was no designation by the regular Democratic organization.
The respondent Board of Elections, without drawing lots, set up the primary ballot with the other five respondents all on line B and numbered 6B through 10B. Petitioner was placed on a separate line marked C, without number, under 6B. He has brought this proceeding to compel the respondent Board of Elections to place all the candidates for City Council designation on the same line and have their respective positions determined by drawing lots.
No one has challenged petitioner’s right to appear on the ballot or his standing to bring this proceeding (except for the Board of Elections’ pro forma affirmative defense of alleged failure of petitioner to comply with the notice requirements of section 104 of the Election Law, which are not applicable herein, and such defense is accordingly dismissed). Neither has anyone suggested that the relief sought by petitioner is impossible to obtain because of technical, mechanical or other difficulties with the ballot or with the voting machines, and hence no such factors have been considered herein. (See, generally, Matter of Cooke v. Lomenzo, 31 N Y 2d 244 [1972].) (In fact, the proposed ballot annexed to petitioner’s supplemental affidavit as Exhibit No. 1 indicates the contrary.)
Subdivision 2 of section 104 concededly applicable to this case, reads in pertinent part as follows: ‘ ‘ The officer or board with whom or which is 'filed the designations for a public office or party position shall determine by lot, upon two days’ notice by mail given by such board or officer to each candidate for such office or position and to the committee, if any, named in the designating petition, the order in which shall be printed on the official primary ballot, under the title of the' office or position, the names of candidates for public office, the names of candidates for a party position to which not more than one person is to be elected, and the groups of names of candidates for party position *313 where two or more persons are to be elected thereto and any petition designates two or more persons therefor, provided, however, that whenever groups of names for more than one party position are designated by the same petition, the order in which they shall be printed on the official primary ballot shall be determined by a single lot. * * * The pames of candidates, if any, for a party position to which two or more persons are to be elected, who are designated by individual petitions and not in a group shall be printed below such group or groups, in such order as between themselves, as such officer or board shall determine by lot upon the notice specified in this subdivision.” (Emphasis added.)
This statute has been held to apply to voting machines. In Matter of Panzer v. Hayduk (37 A D 2d 774 [2d Dept., 1971]), involving a primary election for the Yonkers City Council, the Appellate Division stated: “In our opinion, subdivision 2 of section 104 of1 the Election Law governs, and mandates that the position on the voting machine be determined by lot.”
The Court of Appeals reached a similar conclusion in Matter of Collins v. Meisser (22 N Y 2d 277, 279 [1968]), where it stated that: “the right of petitioners to request that their positions on the machine be fixed by lot, as provided by statute, could not be denied ”.
It matters not that respondents filed a petition containing a complete set of candidates for the five positions of City Councilman to be filled. In Matter of Freeman v. Power (1 A D 2d 1039 [2d Dept.], affd. 1 N Y 2d 825 [1956]), the Appellate Division in this Judicial Department ruled as follows: “ The fact that a complete set of candidates is presented by one faction does not entitle the candidates of that faction to be preferred, without drawing, over the candidates whose names appear on the other two sets of petitions. Appellant cannot be so deprived of his right to have the order in which the names of his candidates appear on the ballot determined by lot, even though their petitions do not contain the names of candidates for all of the party positions to be contested for ”.
This language is directly applicable to the present case, and along with the clear and precise statutory language mandates that the allocation of positions on the primary ballot among petitioner and the five candidate respondents be determined by lot. !
The only contention raised by petitioner’s five opponents is that subdivision 2 of section 104 gives preference to a group of candidates designated in a single petition, and that any *314 individual candidate’s name £ £ shall he printed below such group ”, as has been determined by the Board of Elections. Such an argument is completely off the mark, as a careful reading of the statutory language indicates. The sentence relied on by the respondents and included in the pertinent provisions of the statute quoted above only refers to candidates and groups of candidates ££ for a party position,” not for public office. A “party position” is defined in subdivision 8 of section 2 as “ membership in a party committee or the position of delegate or alternate to a party convention.” The position of Long Beach City Councilman is certainly not a “party position,” but is rather a ‘ ‘ public office ’ ’ to which the provisions of the first sentence of subdivision 2 of section 104, mandating allocation of ballot positions by lot, are applicable. Hence, the case of Matter of Levy v. Power (43 Misc 2d 158 [Sup. Ct., 1964]), relied on by respondents, is totally inapplicable to the facts of this case since there is no statute which relegates petitioner to a subordinate position on the ballot (the type of provision Upheld in the Levy case). (But, see, Matter of Holtzman v. Power, 62 Misc 2d 1020 [Sup. Ct.], affd. 34 A D 2d 917 [1st Dept.], affd. 27 N Y 2d 628 [1970], wherein a similar provision was struck down as unconstitutional.)
Since subdivision 2 of section 104 directs that the Board of Elections determine the positions of the six candidates for the City Council by lot, and since there is no provision in such section or elsewhere authorizing the five respondents to be treated as a single entity for purposes of determining their position on the ballot vis-a-vis petitioner (as there is if this were a contest for party position), the position of each of the six candidates shall be determined by lot.
The argument of respondents that such a result might confuse the voters by failing to identify the group of five candidates nominated by a single petition is not an unreasonable one, but the Legislature in its wisdom has determined that in a primary election for public office (not party position) all such candidates shall be treated equally as individuals, and the court cannot direct a contrary result in the absence of1 a clear violation of the constitutional rights of the voters or the candidates (Matter of Walsh v. Boyle, 179 App. Div. 582, 587 [1st Dept., 1917]). Ño such showing has been made herein. Hence, the six candidates must present their qualifications to the voters, including, if they wish, the fact that five were designated as a group, and each will have to rely upon his or her ability to establish with the voting public his or her superior credentials for the public *315 office sought. Such a burden is not an unreasonable one in a republic such as ours.
For all the foregoing reasons, the respondent Board of Elections is directed forthwith to conduct a drawing by lot to determine the relative positions on the primary ballot of the six candidates, all of the names of which are to appear on line B in the order determined by lot.