■      In the Matter of HARVEY WEISENBERG, Respondent, v. ISABEL R. DODD et al., Constituting the Board of Elections of the County of Nassau, Appellants, et al., Respondents.— In a proceeding to compel appellants to determine by lot the order in which petitioner's name shall be printed on the ballot in the Democratic Party Primary Election to be held on June 4, 1973 for nomination for the public office of Councilman of the City of Long Beach, Nassau County, the appeal is from a judgment of the Supreme Court, Nassau County, entered May 24, 1973, which granted the application. Judgment affirmed, without costs. No opinion. Martuscello, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.

# (May 29, 1973)

■      CLAIRE BANAT, Respondent, v. GEORGE BANAT, Appellant.— In an action in which a judgment of the Supreme Court, Kings County, was entered on May 26, 1971, granting defendant a divorce, after a nonjury trial, he appeals (1) as limited by his brief, from so much of the judgment as (a) awarded plaintiff $25 per week alimony and $20 per week support for each of the parties' two minor children and (b) directed defendant to maintain and pay the premiums for hospital and medical insurance for the children and (2) from three orders of said court, namely, (a) the first entered October 29, 1971, which denied his motion to resettle the judgment and awarded plaintiff a $75 counsel fee for opposing said motion, (b) the second entered May 8, 1972, which denied his motion to vacate an order dated December 24, 1971, *inter alia* adjudging him in contempt for failure to make payments directed in the judgment, and (c) the third entered July 13, 1972, which again adjudged him in contempt for failure to make payments directed in the judgment. Appeal from order entered October 29, 1971 dismissed, without costs. An appeal may not be taken from an order denying a motion to resettle a judgment in its substantive or decretal provisions (*Katz* v. *Katz,* 13 A D 2d 529). If this order were appealable, we would affirm it. Judgment insofar as appealed from, and orders entered May 8, 1972 and July 13, 1972, affirmed, without costs. The slight upward revision of the amounts awarded for alimony and for the children's support above the amounts fixed in the separation agreement, is justified on the record before us. Moreover, we note that a court in a divorce action has the power, in the interest of justice, to increase the amount to be paid for support of infant children (*Brock* v. *Brock,* 4 A D 2d 747; *Van Dyke* v. *Van Dyke,* 278 App. Div. 446, affd. 305 N. Y. 671). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.