Louis B. Heller, J.
Petitioners seek an order requiring the Board of Elections to set up the ballot for the primary election to be held on September 10, 1974 in such a manner #s to assure that the names of each of the candidates for the Democratic nomination for the office of Judge of the Civil Court of the City of New York, County of Kings, appear in the first and each succeeding position in an equal number of election districts.
The petitioners are three candidates for the above-mentioned office, for which four persons will be nominated at the primary election. The petitioners’ names appear on a single designating petition along with that of Honorable Morgan E. Lane, who is an incumbent in that office seeking renomination. The petition listed the four candidates in the following order: lane,
GREENSPUN, TANNENBAUM, OWENS.
The respondent Shilling filed a petition designating himself for the subject nomination.
Based on these petitions, the Board of Elections set up the voting machines pursuant to the provisions of subdivision 7 of *518 section 242-a of the Election Law, which provides in pertinent part: 11 that where two or more candidates are to be elected to the same public office or party position, the names of candidates for such an office or position which appear on the same designating petition shall be grouped together on the ballot in the order in which their names appear on the designating petition and the group rotated alphabetically in relation to other groups or individual candidates according to the surname of the first person on the designating petition of such group.”
Thus, the Board of Elections has determined that in 50% of the election districts the ballot shall read: shilling, lane, gbeenspun, tannenbaum, owens, and in the other 50%: LANE, GBEENSPUN, TANNENBAUM, OWENS, SHILLING.
The above-mentioned section of law, which became effective June 1,1973 (L. 1973, ch. 391), is unambiguous and clearly spells out the intention of the Legislature that candidates on petitions jointly filed be considered as groups. Such intent will not be disturbed in the absence of a violation of constitutional rights (Matter of Levy v. Power, 43 Misc 2d 158, affd. 21 A D 2d 751, affd. 14 N Y 2d 759).
While it has been determined that a statute which mandated a denial of an equal opportunity to appear on the ballot in the first position is unconstitutional (Holtzman v. Power, 62 Misc 2d 1020, affd. 34 A D 2d 917, affd. 27 N Y 2d 628), subdivision 7 óf section 242-a is not such a statute.
Subdivision 1 of section 136 of the Election Law permits a candidate to circulate designating petitions individually or with other candidates. Thus, petitioners could have availed themselves of the provisions of subdivision 7 of section 242-a, which provides for the rotation of all candidates ’ names, by circulating individual petitions.
The petitioners made a value judgment and decided to forego the benefits to be gained by rotation of individual names, in return for the benefits to be derived by circulating joint petitions with each other and with Judge Lane. Among these benefits are the ability to qualify with only 5,000 signatures rather than 5,000 each, or 20,000, voter identification as a ‘ ‘ slate, ’ ’ and a possible saving of printing and circulation costs. Thus, subdivision 1 of section 136, combined with subdivision 7 of section 242-a, gives any candidate an opportunity to get the relief sought herein by filing separate petitions. The decision by petitioners to file a joint petition and thus waive these benefits militates against their subsequent claim of unequal protection of law (Matter of Levy v. Power, supra).
*519 In reaching this conclusion, the court is aware of the decision in Matter of Weisenberg v. Dodd (74 Misc 2d 311, affd. 41 A D 2d 960), but concludes that since it was decided shortly before the effective date of the present subdivision 7 of section 242-a, it is not applicable here in view of the express language of subdivision 1 of section 242-a (see, e.g., Matter of Jackson v. Van Wart, 47 Misc 2d 918). In addition, any argument that the provisions of subdivision 2 of section 104 apply, limiting the term “ group ” to candidates for party position, is negated by the wording of subdivision 7 of section 242-a: ‘ ‘ public office or party position ”.
Accordingly, the application is denied and this proceeding is dismissed.