■ GALAXY INTERNATIONAL, INC., Appellant, v MAGNUM-ROYAL PUBLICATIONS, INC., Respondent.—Order, Supreme Court, New York County, entered August 1, 1974, which vacated a prior order of the same court entered February 24, 1974 that had granted summary judgment to plaintiff, unanimously reversed, on the law, and plaintiff's motion for summary judgment is granted, and the counterclaims are severed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Appeal from the order, Supreme Court, New York County, dated March 18, 1975, which denied plaintiff's motion to resettle the order entered August 1, 1974, unanimously dismissed as nonappealable, without costs and without disbursements. Plaintiff instituted suit to recover over $31,000 for work, labor and services of assembling and packaging magazines for defendant, including the May, 1973 issue of *Swank* magazine. The answer interposed as an affirmative defense and counterclaim that plaintiff falsely represented defendant would not be subject to any liability by reason of the materials published when in fact defendant was sued by an individual claiming he was libeled in the May, 1973 issue of *Swank.* The counterclaim is in excess of plaintiff's demands in the complaint. The sole issue on appeal is whether the assertion of the counterclaim prevents the granting of summary judgment on the complaint. It does not. *Illinois McGraw Elec. Co. v John J. Walters, Inc.,* (7 NY2d 874, 876–877), held that "it is improper to award summary judgment while there exists a meritorious counterclaim for an amount equal to or greater than that demanded in the complaint * * * This rule applies to this case even though defendant has not disputed the sale, delivery and price of the goods as alleged in the complaint" (citations omitted). However, *Pease & Elliman v 926 Park Ave. Corp.* (23 AD2d 361, affd 17 NY2d 890), distinguished *Illinois McGraw Elec. Co. v John J. Walters, Inc. (supra),* and held that existence of a counterclaim to an unrelated cause of action is no prohibition against summary judgment where there is no defense as to certain of the causes of action, unless it appears the defendant will be prejudiced. *Dalminter, Inc. v Dalmine, S. p. A.* (29 AD2d 852, 853, affd 23 NY2d 653), expanded upon *Pease & Elliman v 926 Park Ave. Corp. (supra),* and held that "the court in the proper exercise of discretion may enter partial summary judgment although there exist remaining counterclaims to be tried which are in excess of the claims upon which summary judgment is granted * * * unless the counterclaims are so inseparable from plaintiffs' causes of action that entry of judgment should be withheld" (citation omitted). (See, also, *Petikas v Atco Marine Corp.,* 31

AD2d 907.) In the case at bar, there is no meritorious defense to the complaint. The factual issues in plaintiff's cause of action for work, labor and services are entirely different from those in the counterclaim for libel. The cause of action and the counterclaim are not inseparable. Appeal from the order dated March 18, 1976 is dismissed because denial to resettle a substantive portion of an order is not appealable *(Matter of Balboa Ins. Co. [Herbin],* 50 AD2d 526; *Banat v Banat,* 41 AD2d 960). Concur—Markewich, J. P., Murphy, Silverman, Capozzoli and Nunez, JJ.