■ CREATED GEMSTONES, INC., Appellant-Respondent, v UNION CARBIDE CORPORATION, Respondent-Appellant.—Order (entered Sept. 22, 1977), and judgment (entered Sept. 27, 1977), Supreme Court, New York County, granting defendant's motion for summary judgment to the extent only of granting summary judgment to defendant on the counterclaims, are modified, on the law, to the extent that summary judgment is also granted in favor of defendant dismissing the second cause of action in the amended complaint, and said order and judgment are otherwise affirmed, without costs and without disbursements. Appeal by plaintiff from order, Supreme Court, New York County, entered November 10, 1977, is unanimously dismissed insofar as said order denies reargument improperly termed renewal by plaintiff, and otherwise affirmed, to the extent appealed from, without costs and without disbursements. The counterclaims are for goods sold and delivered and are fully established. The causes of action alleged in the amended complaint are not so inseparable from the counterclaims as to require withholding of summary judgment or stay of execution on the counterclaims pending determination of the causes of action alleged in the amended complaint. *(Dalminter, Inc. v Dalmine, S. p. A.,* 29 AD2d 852, affd 23 NY2d 653; *Galaxy Int. v Magnum-Royal Pubs.,* 54 AD2d 875; *Sunbeam Corp. v Morris Distr. Co.,* 55 AD2d 722.) The second cause of action in the amended complaint rests on the defendant's termination of the manufacture of "Linde" synthetic gems, the subject of the distributorship agreement between the parties. But the distributorship agreement explicitly provides that defendant could in its sole discretion discontinue production of such gems. There is no claim that the conditions specified in the contract for such discontinuance have not been met. Accordingly, the second cause of action in the amended complaint should have been dismissed. The first cause of action in the amended complaint rests on an alleged breach of the distributorship agreement. We agree that there are issues of fact requiring a trial. We do not necessarily agree that defendant's right to impose the credit limitation is dependent only on the question stated by the Special Term Judge, i.e., whether "reasonable grounds for insecurity" existed in accordance with section 2-609 of the Uniform Commercial Code. We do not exclude, though we do not pass on, the questions whether defendant had the right to take the action it did under the agreement or as a reasonable measure not inconsistent with the agreement. In its order of November 10, 1977, Special Term directed plaintiff to appear for supplementary examination to enforce the judgment. The determination was proper when made. It may be that this provision has become moot by reason of plaintiff's furnishing a bond as security for the judgment. The denial of defendant's application to punish plaintiff and its president for contempt, although complained of in defendant's brief, is not the subject of appeal by defendant. Concur—Silverman, Evans, Lane and Sandler, JJ.; Murphy, P. J., dissents in part in a memorandum as follows: In its first cause, plaintiff seeks to recover $2,000,000 for defendant's purported breach of the subject distributorship agreement. Defendant, in its counterclaims, seeks to recover approximately $225,000 for synthetic gems delivered to plaintiff under the same distributorship contract. Since the plaintiff may be able to prove at trial that it was

damaged substantially more than the sum sought in the counterclaims, I would not award summary judgment on the counterclaims *(Illinois McGraw Elec. Co. v John J. Walters, Inc.,* 7 NY2d 874).