■ ROYAL INDEMNITY COMPANY et al., Appellants, v COUNTY OF NIAGARA, Respondent. (Action No. 1.) COUNTY OF NIAGARA, Respondent, v ROYAL GLOBE INSURANCE COMPANY, Appellant. (Action No. 2.) (And Three Other

Actions.)—Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Royal Indemnity Company and Royal Globe Insurance Company, insurers of various County of Niagara risks, seek to recover certain insurance premiums in Action No. 1 and appeal from an order of Supreme Court denying their motion for summary judgment. This order also granted the County of Niagara a credit for overpayments of insurance premiums made to Robert J. Tavano, an insurance broker, who submitted incorrect and false vouchers in excess of amounts due for premiums on policies written by appellants (approximately $400,000). Tavano was convicted of grand larceny and other crimes for these acts (see *People v Tavano,* 58 AD2d 1043 [judgment of conviction affirmed]). By letter dated May 23, 1974, after the fraudulent scheme was exposed, county authorities requested appellants to continue all existing insurance and assured payment of future premiums which appellants now seek to recover. In Action No. 2 the county sues to recover the excess payments which it made, claiming that Tavano acted within the scope of his actual or apparent authority with appellants when he vouchered and received the payments. The county also asserts this claim as a denial of liability in Action No. 1. Special Term denied appellants' motion for summary judgment, incorrectly holding that under section 121 of the Insurance Law Tavano acted as appellants' agent in receiving the county's payments, that to the extent that the payments exceeded the premiums then due, appellants were overpaid and the county was entitled to a credit toward premiums subsequently due under these policies, and that the exact amount of credit to which the county is entitled, and other factual issues, were incapable of determination upon the papers presented. The court also granted the county's cross motion for a joint trial of all actions relating to these premium overpayments. Section 121 defines the insurance broker's role in regard to premium payments. It provides, *inter alia,* that the "insurer * * * shall be deemed to have authorized such broker to receive on its behalf payment of any premium which is due on [an insurance] contract at the time of its issuance or delivery or payment of any installment of such premium or any additional premium which becomes due or payable thereafter on such contract, provided such payment is received by such broker within ninety days after the due date of such premium or installment thereof". It clearly does not cover overpayments of premiums or payments of premiums prior to their due date (see *Bohlinger v Zanger,* 306 NY 228). Section 121 creates a conclusive presumption that the payment to the broker within the 90-day period is payment to the insurer and anticipates the factual situation where an insurance broker illegally converts payments made on premiums due. It cannot be extended to include situations where a broker has fraudulently induced an insured to make overpayments. Any excess premium claimed to have been paid may only be charged to the insurer on the theory of agency or ratification (29 NY Jur, Insurance, § 429). "Had the Legislature intended to treat all premium moneys in the hands of a broker as belonging to the [insurer], it is reasonable to assume that it would have said so in more particular language" *(Bohlinger v Zanger, supra,* p 232). Accordingly, that portion of Special Term's order which provides that upon the trial of Action No. 1 the county shall have a credit for sums which it paid to Tavano in excess of the premiums due on appellants' policies, is reversed. However, appellants' application for summary judgment should be denied in any event. Sufficient facts are not set forth in the moving papers to warrant summary judgment on the amount of insurance premiums due subsequent to May 23, 1974 *(Phillips v Kantor & Co.,* 31

NY2d 307, 311; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Monroe Abstract & Tit. Corp. v Giallombardo,* 54 AD2d 1084, 1085). Although two exhibits appended to appellants' complaint list policies and amounts allegedly due thereon, no evidence has been presented as to the date upon which the premiums or any installment thereof became due or payable or that in fact any of them became due after May 23, 1974. Had this proof been presented, summary judgment could have been granted to appellants without awaiting the resolution of the county's action which seeks to recover the pre-May 23, 1974 overpayments, on the theory that Tavano acted as appellants' agent or that his acts and schemes were ratified (see *Created Gemstones v Union Carbide Corp.,* 61 AD2d 776; *Sunbeam Corp. v Morris Distr. Co.,* 55 AD2d 722; *Santoiemmo v Syracuse Paper & Twine Co.,* 52 AD2d 721). (Appeal from order of Niagara Supreme Court—summary judgment, etc.) Present—Cardamone, J. P., Schnepp, Doerr, Witmer and Moule, JJ.