■ QUAKER-EMPIRE CONSTRUCTION Co., Respondent, v D. A. COLLINS CONSTRUCTION CO., INC. et al., Appellants.—Appeal (1) from an order of the Supreme Court at Special Term, entered June 13, 1978 in Rensselaer County, which granted a motion by plaintiff for summary judgment upon the third cause of action, and (2) from the judgment entered thereon. Plaintiff was a subcontractor to defendant, D. A. Collins Construction Co., Inc., on a road construction project which called for the construction of a portion of Interstate Route 90. Plaintiff's subcontract covered the supply and installation of highway guard rails, fencing, bridge railings, signs and similar items for the highway. Plaintiff's complaint contained four causes of action. The third cause of action, which is the sole subject of this appeal, was a claim against Collins for the approximate sum of $90,000 to compensate plaintiff for the escalated costs of steel products supplied by it in satisfaction of the subcontract. The defendants, in their answer, denied the substantive allegations contained in the complaint. In addition, Collins counterclaimed for damages in the sum of $70,000 resulting from plaintiff's failure to meet certain subcontractual specifications and to perform all of the required work. Plaintiff's claim in the third cause of action is based neither upon contract, nor upon any wrongful act or omission of Collins. The claim is made under a special statute, enacted by the New York Legislature in 1974, authorizing the payment of equitable adjustments to contractors and subcontractors who have provided petroleum and steel materials for public improvement contracts during a period of rapid price escalation in the early 1970's (see L 1974, chs 944, 945). Pursuant to the statute, plaintiff requested an equitable adjustment allowing additional compensation to it for steel products provided on the Collins' project. This application was submitted in the name of Collins, as general contractor, to the Department of Transportation. The application was submitted on several forms which specifically stated that it was made on behalf of plaintiff: "I understand that I am accepting the contract adjustment indicated above for the party who suffered damages due to the energy crisis and that the full amount indicated will be transmitted to Quaker-Empire Construction Co." The applications were approved by the Department of Transportation, which allowed an adjustment in the sum of $85,740. This amount was paid to Collins on August 4, 1977. In addition, the Department also paid to Collins the further sum of $10,025 representing a similar equitable adjustment due to plaintiff in connection with another project. The latter sum was received by Collins on behalf of plaintiff on June 20, 1977. Collins never advised plaintiff that it had received the payments described above. Plaintiff first became aware of the fact in April of 1978, approximately seven months after the last payment was received by Collins. Plaintiff immediately de-

manded that Collins pay over the funds, but Collins declined. Instead, Collins paid to plaintiff the sum of $34,679, and withheld the balance of $61,085. Collins' partial payment was accompanied by a letter dated May 9, 1978, which conceded that Collins was indebted to plaintiff in the sum of $158,186, including the steel escalation payments and the balance on plaintiff's contract price for the project. Collins arrived at the partial payment sum by deducting the sum of $123,507 for back charges. After Collins refused to remit the balance of the equitable adjustment, plaintiff moved for summary judgment. In opposition to the motion, Collins submitted only the affidavit of its attorney, stating that summary judgment should be denied until Collins' counterclaim had been determined. Special Term then granted summary judgment in favor of plaintiff in the sum of $65,775.91, including interest through June 12, 1978. Collins has raised no question of fact as to plaintiff's right to the equitable adjustment received by Collins from the Department of Transportation on behalf of plaintiff. Collins only contention on appeal is that summary judgment should not have been granted because it has pleaded a counterclaim in its answer. Collins fails even to present evidentiary material in support of its alleged counterclaim. "There is no absolute prohibition against granting summary judgment to a plaintiff where counterclaims in excess of the judgment have been interposed * * * Once the merit of plaintiff's cause of action has been established as a matter of law, if its substance is so unrelated to the counterclaims that a severance will not prejudice trial of the remaining issues, summary judgment may be granted" (Santoiemmo v Syracuse Paper & Twine Co., 52 AD2d 721, mot for lv to app den 39 NY2d 709). Here, the third cause of action was clearly unrelated to plaintiff's other causes of action and to the counterclaim interposed by Collins. Plaintiff's right to receive the equitable adjustment payments was unrelated to any contractual provision but was, instead, provided by statute. The remaining causes of action pertained to contractual performance. In addition, as to the third cause of action, there was no factual dispute. Collins conceded that it had received the payments from the Department of Transportation, and that said receipt was made on behalf of plaintiff. Defendants' contention that Special Term should have stayed the enforcement of the judgment until the determination of the counterclaim is without merit (Stigwood Organization v Devon Co., 44 NY2d 922; Created Gemstones v Union Carbide Corp., 61 AD2d 776, app dsmd 44 NY2d 847). Order and judgment affirmed, with costs. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.