OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiff moves for an order pursuant to CPLR 3212, granting partial summary judgment on its first cause of action.
Plaintiff landlord seeks to recover additional rent, pursuant to the terms of a written lease agreement, from the defendant tenant. The subject premises are operated as a nursing home and health related facility. The lease contains a cost-of-living escalator clause. There is no dispute as to whether the cost of living has risen sufficiently to trigger the escalator provision. There is, however, a dispute involving the interpretation of the following provision contained in the lease: "Any increase hereunder shall be subject to approval, if required, of N. Y. Department of Health, or such governmental body then having jurisdiction thereover.”
Plaintiff contends that there is no legal requirement for obtaining the approval of the Department of Health prior to effecting a rent increase on a facility such as is involved herein. Therefore, it argues, defendant has no defense to the first cause of action. Defendant argues that that provision should be construed so as to make any increased rental payments conditioned upon its first obtaining approval of increased reimbursement rates from the Department of Health. It appears that approximately 93% of the patients in the facility are recipients of Medicaid and Medicare benefits, the remainder being private patients. Defendant further argues that it has a negative net worth, and, therefore, Department of Health approval of any rent increase is required pursuant to subdivision 5 of section 2808 of the Public Health Law. That section provides as follows: "Any operator withdrawing equity from a facility so as to create or increase a negative net worth, calculated without regard to any surplus created by revaluation of assets, must obtain the prior approval of the commissioner in accordance with regulations promulgated by the commissioner with the approval of the state hospital review and planning counsel. No facility shall enter into a real property mortgage or lease transaction *1036 without thirty days prior notice in writing to the commissioner.”
It is the responsibility of the court to interpret written instruments in order to determine the intention of the parties as derived from the language employed (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291). Effect must be given to the intent of the parties as indicated by the language used (Hall & Co. of N. Y. v Orient Overseas Assoc., 65 AD2d 424, 428). The authority of the court extends only so far as enforcing the contract according to its precise tenor, and no so far as redrafting the document under the guise of constructing or interpreting it (see Laba v Carey, 29 NY2d 302, 308; Rodolitz v Neptune Paper Prods. 22 NY2d 383, 386; Morlee Sales Corp. v Manufacturers Trust Co., 9 NY2d 16).
Guided by these general principles of contract construction, the court finds that the clear and unambiguous language of the lease agreement ineluctably leads to the conclusion that the rent escalation clause would automatically go into effect unless some statute, rule or regulation required the approval of the Department of Health. No such statute, rule or regulation has been brought to the court’s attention. The court finds untenable defendant’s argument that the disputed provision in the lease required approval of increased reimbursement rates as a condition precedent to the application of the increased rent. Indeed, a reading of a rider to the lease shows that where the draftsmen intended to speak of the need for approval of additional reimbursement, the appropriate language was used with clarity.
Defendant’s reliance upon subdivision 5 of section 2808 of the Public Health Law is misplaced. That section only applies where the operator withdraws equity; increased operating costs do not constitute withdrawal of equity.
Finally, defendant asserts that summary judgment should be denied to plaintiff because of the existence of its counterclaims. The merits of the counterclaims are disputed. However, the counterclaims are not so inextricably intertwined with plaintiff’s claims as to be inseparable therefrom (Dalminter, Inc. v Dalmine, S. P. A., 29 AD2d 852, 853, affid 23 NY2d 653; Galaxy Int. v Magnum-Royal Pub., 54 AD2d 875).
Defendant has failed to demonstrate the existence of any genuine triable issue sufficient to warrant denial of plaintiff’s motion for summary judgment on the first cause of action. Accordingly, the motion is granted.