## (August 27, 1981)

■ In the Matter of HENRIETTA ACAMPORA et al., Appellants, v EVERETT McNAB et al., Constituting the Board of Elections of the County of Suffolk, Respondents. — In a proceeding to compel the respondent Board of Elections of the County of Suffolk to place petitioners' names on the same line of the ballot, in the Republican Party Primary Election to be held on September 10, 1981 for the public offices of Town Supervisor, Town Clerk and Town Councilman of the Town of Brookhaven, the appeal is from a judgment of the Supreme Court, Suffolk County (Corso, J.), dated August 13, 1981, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Pursuant to subdivision 3 of section 7-116 of the Election Law, the board of elections "shall determine by lot * * * the order in which shall be printed on the official primary ballot, under the title of the office * * * the names of candidates for public office". In the instant case, the board of elections determined the order of candidates in accordance with the foregoing section. There is no provision in this section or any other section of the Election Law authorizing the petitioners to be treated as a single entity (slate) for purposes of determining their position on the ballot (see *Matter of Weisenberg v Dodd,* 74 Misc 2d 311, affd 41

AD2d 960). Petitioners' contention that subdivision 3 of section 7-116 violates the constitutional rights of either the voters or the candidates is without merit (see NY Const, art I, § 1; *Matter of Weisenberg v Dodd, supra*). Mollen, P.J., Hopkins, O'Connor and Weinstein, JJ., concur.