■ BORO LUMBER CO., INC., Respondent, v S&S CORRUGATED PAPER MACHINERY CO., INC., Appellant. — In an action to recover moneys due for goods sold and delivered, defendant appeals (1) from an order of the Supreme Court, Queens County (Kassoff, J.), dated September 16, 1980, which (a) granted plaintiff's motion for summary judgment on the complaint and for dismissal of defendant's counterclaim and (b) directed entry of a judgment in favor of plaintiff for the amount demanded in the complaint, and (2) from the money judgment entered thereon on September 22, 1980. Order modified (1) by deleting from the first decretal paragraph the words "in all respects", (2) by adding to the first decretal paragraph, after the word "granted", the words "as to the amount demanded in the complaint", (3) by deleting the second decretal paragraph, and (4) by adding thereto a provision denying plaintiff's motion as to the counterclaim and severing the counterclaim. As so modified, order affirmed, without costs or disbursements, and case remitted to the Supreme Court, Queens County, for further proceedings on the counterclaim. Judgment affirmed, without costs or disbursements. We agree with Special Term's conclusion that plaintiff's cause of action against defendant to recover the

"agreed" price of $17,811.20 for building materials it delivered to defendant in 1978 and for which it was never paid, was established by admissions in defendant's answer, and by the affidavits submitted by defendant in opposition to plaintiff's motion. We also note that in his examination before trial, the controller of the defendant corporation, Julius Besselman, conceded that such sum was due and owing plaintiff for building materials purchased by defendant from plaintiff in 1978. However, Special Term erred in dismissing defendant's counterclaim for the sum of $21,910.07, which was the amount it paid plaintiff for building materials between the period February, 1973 through December, 1977, and which the plaintiff allegedly never delivered to it. Since, under the circumstances, the issues involved in the counterclaim are clearly dissimilar and separable from plaintiff's claim, the latter should have been severed by Special Term and summary judgment granted only as to it (see CPLR 3212, subd [e], par 1; cf. *Pease & Elliman v 926 Park Ave. Corp.*, 23 AD2d 361, affd 17 NY2d 890). Since there was no evidence in the record to justify a conclusion that plaintiff would be unable to respond in damages should defendant's counterclaim be sustained, the granting of summary judgment in favor of plaintiff on its complaint, and permitting the entry of a judgment thereon, is proper even though the amount sought by defendant in its counterclaim exceeds plaintiff's claim (see *Petikas v Atco Mar. Corp.*, 31 AD2d 907; *Dalminter, Inc. v Dalmine S.p.A.*, 29 AD2d 852; *Pease & Elliman v 926 Park Ave. Corp., supra*). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.