(July 29, 1982)

■ EDWARD G. COYNE ENTERPRISES, INC., Formerly Known as CREATED GEM-STONES, INC., Respondent-Appellant, v UNION CARBIDE CORPORATION, Appellant-Respondent. — Judgment, Supreme Court, New York County (McCabe, J., and a jury), entered on August 12, 1981 in favor of the plaintiff in the sum of $832,000 (representing the difference between the verdict awarded plaintiff on its main complaint and defendant on its counterclaim), unanimously modified, on the law and the facts, and the matter remanded for a new trial solely as to the complaint and otherwise affirmed, without costs. Entry of judgment on the counterclaim is stayed pending determination of the main complaint. The parties entered into an agreement in 1972 in which the defendant, Union Carbide, agreed to sell exclusively to Created Gemstones, now known as Edward Coyne Enterprises, a yearly minimum of carats of synthetic emerald rough crystal. They also agreed, on a nonexclusive basis, to sell a synthetic product known as "Linde" gems. The agreement was to continue from year to year but, in no event, for more than 10 years, from March 1, 1972. The terms of payment were "2% 60 days, net 90 days" with Union Carbide retaining a security interest until final payment was made for any products delivered. The plaintiff was taking advantage of its discount in payments until the fall of 1973, when its open balance started to rise, and it failed to pay some $40,000 in invoices within 90 days. It also had an outstanding balance of about $410,000. The defendant asked for personal guarantees from Mr. Coyne and his wife, in which event the credit line would be $250,000. With a refusal of the guarantees, the credit line was limited to $200,000. There was also a requirement that future transactions would be on the basis of receiving $2 in payment of present invoices for each dollar of new product released and a refusal to ship Linde Stars except against payment of cash. A check for the Linde Stars was sent but payment was stopped. The plaintiff then notified the defendant that the arbitrary credit line which it had set up was a breach of their agreement and that failure to rescind it would lead to further action, after which this action was commenced. The matter has been before this court previously (61 AD2d 776). The Court of Appeals reversed (47 NY2d 250) and denied summary judgment to the defendant on the counterclaims, with reference to the amount due by the plaintiff to the defendant. As this court has previously stated (p 776), without difference in the Court of Appeals, it is for a trial to determine whether the "defendant had the right to take the action it did under the agreement or as a reasonable measure not inconsistent with the agreement." This was not limited to whether there was "reasonable grounds for insecurity" under section 2-609 of the Uniform Commercial Code. The Trial Judge foreclosed the presentation of the full question to the jury by ruling that there was

a breach and leaving to them only the question of whether there was justification for the breach, which was error. Accordingly, there should be a new trial on the complaint. The amount due on the counterclaim is not seriously contested and so there is no need for a new trial as to that. However, in accordance with the ruling of the Court of Appeals, the enforcement of the counterclaim must await resolution of the question with respect to the complaint itself. Also, with respect to the cross appeal and the contention that the trial court erred in awarding interest on the counterclaims, inasmuch as the amounts involved for the counterclaims may be extinguished if the plaintiff is successful on a new trial, the question of whether interest may be awarded should also be held for determination by the trial court. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Asch, JJ.