■ COMMERCIAL UNION INSURANCE COMPANY, Respondent, v ORBIT SHIPPING CORP., Defendant, and GLOBE SHIPPING CO., INC., t/a ORBIT SHIPPING, Appellant. — Order of Supreme Court, New York County (Alfred M. Ascione, J.), entered February 10, 1984, insofar as it granted summary judgment for plaintiff, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs, and the judgment entered thereon, on March 1, 1984, is vacated.

This is an action by an insurer to recover earned premiums on an open cargo policy of insurance. The policy was issued to

defendant Orbit Shipping Corporation. However, defendant Globe Shipping Co., Inc. (Globe) admits that the policy covers Globe. Plaintiff and defendant Globe moved for summary judgment. At issue are premium payments for marine cargo shipments allegedly occurring in June and August, 1981 and January, 1982.

It appears that defendant purchased the insurance through its broker, Orbit Brokers, Inc., which has not been made a party to this litigation. The broker issued certificates of insurance to Globe and then billed Globe on behalf of plaintiff. Globe contends that it paid the broker its bills covering each of the three premiums for November and December, 1980 and January, 1981, the only insurance allegedly purchased under this policy. Plaintiff's statement, dated March, 1983, lists three cargo bills, dated June and August, 1981 and January, 1982. However, the individual cargo bills for June and August, 1981 do not reflect a shipment date, and the January, 1982 cargo bill reflects several shipment dates, namely, November and December, 1980 and January and August, 1981. There is nothing in this record to link up the dates of the shipments with the dates of the bills for premiums. Consequently, there is no tender of evidentiary proof in admissible form in this record sufficient to warrant summary judgment (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065). The documentary evidence and the conclusory affidavit of plaintiff's assistant secretary fail this test.

Globe's contention that it was entitled to summary judgment under section 121 of the Insurance Law was properly rejected by Special Term. Section 121 makes payment of a premium to an authorized broker, to whom the insurer has delivered the policy, equivalent to payment to the insurer. However, the conclusory allegations together with the exhibits are insufficient to establish what premiums were paid and to whom. The evidence submitted is insufficient to connect Globe's payments with the cargo bills in question.

The purpose of summary judgment is issue finding, not issue determination. Where there is any significant doubt whether there is a material triable issue of fact, summary judgment is to be denied (*Phillips v Kantor & Co.*, 31 NY2d 307, 311). There are such issues here, requiring a trial. Concur — Carro, J. P., Bloom, Fein, Milonas and Kassal, JJ.