■ Benco Payment Corporation, Respondent, v Nationwide Mutual Insurance Company, Appellant.—Main, J. Appeal from an order and judgment of the Supreme Court at Special Term (Pennock, J.), entered February 6, 1985 in Sullivan County, which granted plaintiff's motion for summary judgment on its fourth cause of action.

Plaintiff, a domestic corporation engaged in the business of financing insurance premiums for purchasers of insurance, commenced this action against defendant, an insurer, alleging that plaintiff had forwarded to Claridge Brokerage, Inc., allegedly an agent of defendant, premium payments on behalf of certain persons insured by defendant. According to plaintiff, when these insureds failed to make installment payments to it because defendant had, without notice to plaintiff, canceled their policies, plaintiff sought a refund of the amounts that it had previously paid to Claridge on behalf of the insureds. Defendant refused, alleging that it had canceled the policies in question because Claridge, which is not a party to this action, had never passed along to it the funds that plaintiff had given to Claridge on behalf of the insureds.

Plaintiff moved for summary judgment on its fourth cause of action, which alleged that, by virtue of Insurance Law former § 121 (renum § 2121), its payment to Claridge as an authorized broker constituted payment to defendant. Special Term agreed with plaintiff and granted it summary judgment on the fourth cause of action except as to an amount forwarded by plaintiff on behalf of one of the insureds. This appeal followed.

Special Term found that Insurance Law former § 121, which makes payment of a premium to an authorized broker the equivalent of payment to the insurer (see, Royal Indem. Co. v County of Niagara, 67 AD2d 1087, 1088), was applicable to the instant situation. While such a conclusion was most probably correct, we are, nonetheless, of the opinion that summary judgment should not have been granted. The record is barren of any proof of the precise amounts that were forwarded to Claridge by plaintiff on behalf of the insureds and the amounts in policy refunds to which it claims entitlement. Neither plaintiff's conclusions as to amounts it is due nor the exhibits it has submitted, which are not particularly enlightening with regard to this issue, demonstrate that plaintiff is entitled to a judgment in its favor at this early stage of the

action *(see, Commercial Union Ins. Co. v Orbit Shipping Corp.,* 107 AD2d 599, 600). Where there is any significant doubt that a material triable issue of fact may exist, summary judgment is precluded *(Phillips v Kantor & Co.,* 31 NY2d 307, 311). Accordingly, the order and judgment of Special Term must be reversed.

Order and judgment reversed, on the law, without costs, and motion denied. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.