■ LAWRENCE M. REED, Respondent, v SHORATLANTIC DEVELOPMENT CO., INC., et al., Appellants, et al., Defendants.—In an action to foreclose a mortgage, the defendants Shoratlantic Development Co., Inc., the Breakers at Atlantic Beach, Suburbia Federal Savings and Loan Association, John L. Doran, and Fidelity New York, F. A., appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), entered August 16, 1985, as, upon the plaintiff's motion for summary judgment, awarded judgment of foreclosure and sale in his favor and against them.

Order and judgment modified, on the law, by deleting from the seventh decretal paragraph thereof the following: "pay the same to the plaintiff and that the said plaintiff have judgment and execution therefor as hereinbefore provided", and by substituting therefor the following: "pay to the plaintiff so much of the deficiency as the court may award under RPAPL 1371". As so modified, order and judgment affirmed insofar as appealed from, with costs payable by the appellants to the respondent.

The defendant Shoratlantic Development Co. executed, as part of the purchase price of property to which it took title, a bond in the amount of $1,000,000 secured by a purchase-money mortgage it executed on the property. The defendants Doran, Gencorelli, and Suburbia Federal Savings and Loan Association all acted as guarantors on the bond and mortgage. In response to the plaintiff's action for foreclosure, the appellants, before issue was joined, moved to dismiss the complaint as against them. In opposition to the motion, the plaintiff responded to the appellants' legal arguments and requested that the court treat the motion as one for summary judgment pursuant to CPLR 3211 (c). The appellants replied to the opposing arguments, but did not submit any evidentiary materials; instead, they asked that the court notify them if it decided to treat the motion as one for summary judgment, so that they could then submit additional proof. Without further notice to the appellants, the court granted the plaintiff's request to treat the motion as one for summary judgment, and granted summary judgment to the plaintiff.

The "adequate notice" required by CPLR 3211 (c) does not necessarily require that the court itself give the parties notice; a request for such treatment by the plaintiff may sufficiently

apprise the parties of the possibility of summary judgment treatment, and gives them the opportunity to adduce what proof they have in support of their position *(see, Ross v Keon,* 110 AD2d 832). The appellants chose to decline the opportunity to adduce their proof, and to instead request notification by the court as to its decision on the plaintiff's request. However, CPLR 3211 (c) does not require notification by the court under these circumstances.

Furthermore, the appellants at no time identified or demonstrated the existence of any material issue of fact, and thus made no showing that any prejudice resulted to them from the alleged lack of notice. Their bare assertions that other meritorious defenses exist do not warrant a reversal. Their allegedly meritorious setoff counterclaim does not preclude a granting of summary judgment; it does not allege that the mortgage debt is invalid, but merely asserts that the appellants' damages on the underlying land-sale contract are sufficient to entirely set off the remaining mortgage debt. Such a claim is sufficiently severable from the plaintiff's to permit severance and the granting of summary judgment to the plaintiff *(see, Created Gemstones v Union Carbide Corp.,* 47 NY2d 250, 254; *Boro Lbr. Co. v S&S Corrugated Paper Mach. Co.,* 85 AD2d 675, 676).

The judgment is modified to the extent necessary to conform its provisions with the provisions of RPAPL 1371. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.