■ L.J. WEST DIAMONDS, INC., Respondent, v CORONET JEWELRY, INC., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about April 12, 1989, denying the motion by the defendant Coronet Jewelry, Inc. to dismiss the complaint as to it, unanimously affirmed, with costs.

Plaintiff is in the business of selling diamonds on consignment to wholesalers and retailers and, in the regular course of its business, delivers diamonds along with a written memorandum specifically providing that plaintiff retains title to the merchandise at all times. Beginning in 1978, the plaintiff delivered a large quantity of diamonds on consignment to the defendant TB&F, Inc. In 1987 and 1988, the defendant First Women's National Bank (FWB) made loans on a regular basis to TB&F and obtained from TB&F a "peaceful possession" agreement permitting FWB to enter TB&F's place of business and take physical possession of all assets on TB&F premises.

On or about June 13, 1988, FWB sold TB&F's assets, including the diamonds here at issue, to the defendant Coronet. Coronet alleged that it was a good-faith purchaser and that, in any event, plaintiff did not make a UCC article 9 filing to protect its security interest and thus did not retain an ownership interest in the diamonds. However, UCC 2-326 (3) (b) provides that consigned goods will not be subject to claims of the consignee's creditors where the consignor establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others. Plaintiff made this requisite factual allegation in its complaint and its affidavit in opposition to Coronet's motion to dismiss the complaint. Plaintiff also alleges that Coronet did not take title in good faith and was aware of plaintiff's

adverse claims. In deciding Coronet's motion to dismiss pursuant to CPLR 3211, the court correctly assumed that the allegations contained in the complaint were true *(Rovello v Orofino Realty Co.,* 40 NY2d 633). Coronet argues that since its moving papers put the plaintiff on notice that Coronet was seeking to have the motion treated as one for summary judgment, no formal notice by the court was required, and the court should have treated Coronet's motion to dismiss as one for summary judgment, citing *Reed v Shoratlantic Dev. Co.* (121 AD2d 525). However, that case was specifically overruled by the Court of Appeals in *Mihlovan v Grozavu* (72 NY2d 506, 508). Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.