Apex Funding Source, LLC v Blue Earth Resources, Inc. (2025 NY Slip Op 05290)

Apex Funding Source, LLC v Blue Earth Resources, Inc.

2025 NY Slip Op 05290

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 654552/23|Appeal No. 4804|Case No. 2024-07637|

[*1]Apex Funding Source, LLC, Plaintiff-Appellant,
v
Blue Earth Resources, Inc., et al., Defendants-Respondents, B & M Investments, Inc., et al., Defendants.

LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP, New York (Amy D. Carlin of counsel), for appellant.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered November 25, 2024, which denied plaintiff's motion for summary judgment as against defendant Blue Earth Resources, Inc. on the cause of action for breach of contract as against it (first cause of action) and as against defendant Scott M. Boruff on the cause of action for breach of contract as against him (second cause of action), unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for an inquest on attorneys' fees.
Supreme Court should have granted plaintiff's motion for summary judgment on its first and second causes of action. The mere assertion of counterclaims does not preclude summary judgment in plaintiff's favor. Rather, summary judgment should be denied only where a counterclaim that seeks damages in excess of a plaintiff's claim is inextricably intertwined with the claim and presents issues of fact regarding the claims in the complaint (see Spicer v GardaWorld Consulting [UK] Ltd., 198 AD3d 522, 523 [1st Dept 2021], lv denied 38 NY3d 903 [2022]; compare Illinois McGraw Elec. Co. v John J. Walters, Inc., 7 NY2d 874, 876-877 [1959] with Pease & Elliman v 926 Park Ave. Corp., 23 AD2d 361, 362-363 [1st Dept 1965], affd 17 NY2d 890 [1966]).
This action does not present such a situation. On the contrary, Blue Earth's counterclaims, which involve a nonparty and assert causes of action for intentional interference with contract and intentional interference with business relationship, are based on a letter that plaintiff sent long after Blue Earth had allegedly defaulted on the loan and are entirely separate and independent from Blue Earth's breach of the loan agreement and Boruff's breach of the personal guaranty (see Banco Do Estado de Sao Paulo v Mendes Jr. Intl. Co., 249 AD2d 137, 138 [1st Dept 1998]; Galaxy Intl. v Magnum-Royal Publs., 54 AD2d 875, 875-876 [1st Dept 1976]; Dalminter, Inc. v Dalmine, S.p.A., 29 AD2d 852, 853 [1st Dept 1968], affd 23 NY2d 653 [1968]). The record also makes clear liability on plaintiff's contract claims against Blue Earth and Boruff is conceded. Accordingly, Supreme Court should have awarded summary judgment on plaintiff's first and second causes of action without regard to the existence of Blue Earth's counterclaims (see European Am. Bank v Surgical Consultants, 308 AD2d 419, 419 [1st Dept 2003]; Banco Do Estado De Sao Paulo, 249 AD2d at 138; Galaxy Intl., 54 AD2d at 876).
Finally, we reject defendants' assertion that summary judgment would be premature because plaintiff has not yet responded to Blue Earth's discovery requests.
Because, as noted, plaintiffs' causes of action and Blue Earth's counterclaims constitute entirely separate claims, there is no basis to suggest that discovery would lead to any facts essential to opposing plaintiff's motion (see CPLR 3212[f]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025