■ New York National Bank, Respondent, v David I. Harris et al., Appellants.—In an action to foreclose a mortgage, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated March 8, 1990, as granted the plaintiff's motion for summary judgment, and (2) so much of an order of the same court, dated April 3, 1990, as upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 8, 1990, is dismissed, as that order was superseded by the order dated April 3, 1990, made upon reargument; and it is further,

Ordered that the order dated April 3, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is well settled that the proponent of a summary judgment motion must make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Here, the plaintiff made such a showing *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In these circumstances, in order to defeat the motion, the opponent "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact * * * or must demonstrate [an] acceptable excuse for his [or her] failure to meet the requirement of tender in admissible form" *(Zuckerman v City of New York, supra,* at 562). General allegations which are merely conclusory and unsupported by competent evidence, are insufficient to defeat a motion for summary judgment *(see, Alvarez v Prospect Hosp., supra).* We find the defendants' affidavits include mere conclusory statements that there was no consideration for the mortgage. The defendants' papers contain no statement of detailed factual allegations or documentary evidence.

We also find that the defendants' counterclaims do not preclude a granting of summary judgment. At best, the defendants' allegations challenge only the amount due and owing to

the plaintiff, as their claims, if proven, might be offset against the amount due and owing to the plaintiff. The defendants' counterclaims are sufficiently severable from the plaintiff's complaint to permit severance and the granting of summary judgment to the plaintiff (see, Johnson v Gaughan, 128 AD2d 756; Reed v Shoratlantic Dev. Co., 121 AD2d 525). Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.