■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of FIRST INTER-COUNTY BANK OF NEW YORK, Appellant, v RONALD JOHANSEN et al., Respondents, et al., Defendants. [604 NYS2d 809] —In an action to foreclose a mortgage, the plaintiff Federal Deposit Insurance Corporation appeals from (1) so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated June 20, 1991, as denied its motion for summary judgment, and (2) so much of an order of the same court dated February 10, 1992, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated June 20, 1991, is dismissed, as that order was superseded by the order dated February 10, 1992, made upon renewal; and it is further,

Ordered that the order dated February 10, 1992, is reversed

insofar as appealed from, on the law, so much of the order dated June 20, 1991, as denied the plaintiff's motion for summary judgment is vacated, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is well settled that the proponent of a summary judgment motion must make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Here, the plaintiff made such a showing *(see, Zuckerman v City of New York,* 49 NY2d 557). It was then incumbent upon the defendants to demonstrate, by admissible evidence, the existence of a triable issue of fact *(see, LBV Props. v Greenport Dev. Co.,* 188 AD2d 588; *Marton Assocs. v Vitale,* 172 AD2d 501). General allegations which are merely conclusory and unsupported by competent evidence are insufficient to defeat a motion for summary judgment *(see, Alvarez v Prospect Hosp., supra).* We find the defendants' affidavits include mere conclusory statements that the note underlying the mortgage had been canceled. The defendants' papers contain no statement of detailed factual allegations or documentary evidence *(see, New York Natl. Bank v Harris,* 182 AD2d 680). Accordingly, the appellant is entitled to summary judgment. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.