■ BOARD OF MANAGERS OF DICKERSON POND CONDOMINIUM I et al., Respondents-Appellants, v CHANDRU JAGWANI, Appellant-Respondent, et al., Defendants. [673 NYS2d 445] —In an action to foreclose liens upon a condominium for unpaid common charges and association dues, (1) the defendant Chandru Jagwani appeals from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered May 30, 1997, as granted that branch of the plaintiffs' motion which was for summary judgment and denied his cross motion, *inter alia*, for summary judgment dismissing the complaint, and (2) the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was to dismiss the appellant-respondent's counterclaims for damages resulting from their alleged failure to adequately maintain and repair a roof.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appellant-respondent's unfinished condominium unit was damaged by water leaking from an allegedly defective roof. Based on provisions of the offering plan, condominium declaration, and by-laws, the plaintiff Board of Managers of Dickerson Pond Condominium I had an obligation to maintain and repair the common elements that were substantially completed. Because there are questions of fact as to whether the roof, defined in the offering plan as part of the common elements, was substantially completed, summary judgment dismissing the counterclaims was properly denied (*see,* CPLR 3212; *Zuckerman v City of New York,* 49 NY2d 557). Furthermore, questions of fact regarding the plaintiffs' defenses of laches and equitable estoppel preclude summary judgment (*see, Tavernier v Toner,* 159 AD2d 1011; *Guggenheim Found. v Lubell,* 153 AD2d 143, *affd* 77 NY2d 311; *Renda v Frazer,* 75 AD2d 490).

ˌ Contrary to the appellant-respondent's contention, the Supreme Court did not improvidently exercise its discretion in refusing to stay the entry and enforcement of a judgment of foreclosure pending the outcome of the trial on the counterclaims (*see,* CPLR 2201; *Matter of Abbady,* 216 AD2d 115; *cf., Residential Bd. of Mgrs. v Berman,* 213 AD2d 206).

The appellant-respondent's remaining contentions are without merit. Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.