■ BOARD OF MANAGERS OF DICKERSON POND CONDOMINIUM et al., Respondents, v CHANDRU JAGWANI, Appellant. [724 NYS2d 318] —In an action to recover damages for breach of contract and negligence, the defendant appeals from an order of the Supreme Court, Westchester County (Kellman, J.), dated January 19, 2000, which, after a nonjury trial, dismissed his counterclaims.

Ordered that the order is affirmed, without costs or disbursements.

The defendant owned an unfinished condominium unit which was damaged by water leaking from a defective roof. The plaintiffs commenced an action against the defendant for his failure to pay common fees and association dues. In his answer, the defendant asserted two counterclaims contending that the plaintiffs were negligent and in breach of contract in failing to repair his roof. The plaintiffs moved for summary judgment dismissing the counterclaims. When that motion was denied by the Supreme Court, they appealed to this Court, which affirmed the Supreme Court's order. This Court held, based on an analysis of the offering plan and by-laws, *inter alia*, that the plaintiffs had an obligation to maintain and repair the roof as one of the "common elements" if, in fact, the roof was "substantially completed" (*Board of Mgrs. v Jagwani,* 250 AD2d 717). After a nonjury trial, the Supreme Court determined that the plaintiffs were not obligated to repair the roof because the unit, as a whole, was not substantially completed. We disagree.

Based on the record before us, we find that the roof was, in fact, substantially completed (*see, Emmi v State of New York,* 143 AD2d 876). Accordingly, the plaintiffs were obligated, as a matter of law, to repair the roof of the defendant's unit.

However, under the circumstances of this case, the defendant had the opportunity to prove that he suffered damages, but he failed to do so. O'Brien, J. P., S. Miller, Friedmann and Townes, JJ., concur.