■ BOARD OF MANAGERS OF THE 229 CONDOMINIUM, Respondent, v J.P.S. REALTY Co., Appellant, et al., Defendants. [764 NYS2d 405] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered September 24, 2002, which, insofar as appealed from, granted plaintiff's motion for summary judgment against defendant-appellant J.P.S. Realty Co. in the sum of $134,283.18, plus interest, dismissed appellant's affirmative defenses and counterclaims, and awarded attorneys' fees to plaintiff, unanimously modified, on the law, only to the extent of denying plaintiff's motion for summary judgment, reinstating appellant's first counterclaim, vacating the award of attorneys' fees, and remanding the matter for further proceedings consistent with this decision, and, as so modified, affirmed, without costs.

In February 1997, plaintiff board of managers of the condominium located at 229 West 97th Street commenced this action against appellant for outstanding common charges and special assessments dating back to January 1991. The condominium consists of four commercial units owned by appellant, which have a 7.9745% interest in the condominium; two professional units, which have a 3.0673% interest; and a residential unit comprised of 50 apartments that is operated as a cooperative, which has an 88.9582% interest in the condominium. The other named defendants are potential creditors of appellant.

Plaintiff perfected a lien for the allegedly outstanding common charges and special assessments in 1995, and refiled the lien in January of 2001. In this action, plaintiff seeks to foreclose against the lien and to sell the commercial units, or for an award of damages representing the unpaid charges plus interest.

In its answer, appellant asserted two affirmative defenses al-

leging that the culpable negligence of plaintiff barred the action and that appellant deposited the amount of the subject charges into an escrow account. Appellant also asserted three counterclaims. The first counterclaim alleged that plaintiff impermissibly and erroneously calculated the condominium's common charges and special assessments to include uncommon expenses of the cooperative and thereby placed an undue financial burden on the condominium, and thus appellant, to the benefit of the cooperative. The second counterclaim advanced that plaintiff wrongfully filed the notice of pendency and the third sought treble damages.

In granting plaintiff's motion for summary judgment and awarding it $134,283.18, the court stated that the property manager's affidavit and supporting documentation demonstrated that plaintiff's calculation of unpaid common charges was based on an allocation of approximately 8% of the building's common charges and special assessments to appellant. It then found that plaintiff's allocation of common charges and special assessments was subject to the business judgment rule and that, in light of the relevant bylaws, appellant failed to raise any issues of fact as to whether plaintiff improperly allocated such charges and assessments.

However, although plaintiff sufficiently established the amount appellant owed in common charges and special assessments, after credits, from December of 1999 through February of 2001 by way of the property manager's affidavit and detailed business records for this period, such affidavit and business records did not provide any breakdown of the amounts charged to appellant and payments made by it from January 1991 through November 1999.

Although a former board member, who had been involved in this longstanding dispute, attested that the outstanding amounts as of November 1999 were based on the prior property managers' business records, plaintiff failed to submit any such records to establish the manner in which the outstanding balance was calculated or otherwise demonstrate the reliability of the amount it claimed was due for this period. This is not a simple matter of adding the established monthly common charges for appellant's four commercial units over the nine-year period since the outstanding balance also should have taken into account any special assessments and credits for payments appellant claims to have made. Since the outstanding balance for the period from 1991 through November of 1999 was not sufficiently substantiated, summary judgment on the entire amount was inappropriate regardless of whether the

allocation of common charges and special assessments was subject to the business judgment rule.

In any event, summary judgment was unwarranted since there were material issues of fact as to whether the condominium's board acted outside the scope of its authority in assessing expenses of the residential cooperative to the condominium, thereby requiring the appellant to pay a portion of the cooperative's expenses in violation of the condominium documents.

It is well established that the business judgment rule does not apply where the board fails to act within the scope of its authority and in good faith (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]). Hence, in challenging the outstanding common charges and special assessments and the application of the business judgment rule, appellant argues that plaintiff exceeded its authority and acted in bad faith in assessing expenses of the cooperative to the condominium.

Section 6.1 of the condominium bylaws states, in relevant part, that the board shall determine the amount of and assess the common charges in order to meet the common expenses, shall have the right to levy special assessments against the owners with regard to common expenses, and shall allocate and assess such common charges among the unit owners "pro-rata, in accordance with their respective Common Interests." Moreover, plaintiff does not dispute appellant's contention that the condominium association should only be charged for common expenses of the condominium as a whole and that it should not be charged for uncommon expenses of the residential cooperative.

The majority of appellant's allegations of improper allocation of expenses, as set forth by its accountant, were conclusory, lacked evidentiary support and/or were dependent upon an alleged deviation from the nonbinding offering plan's budget (a copy of which was not submitted on the motion). Yet, the accountant made some specific assertions regarding inconsistent allocations of legal and accounting fees for the years 1988 through 1990 and for 1992, management fees for 1989 through 1993 and for 1998, insurance costs for 1989 through 1995, and gas and electricity expenses from 1989 through 1998, that, on their face, were sufficient to give rise to an inference that plaintiff improperly allocated such expenses of the residential cooperative to the condominium.

In light of such inference, as well as appellant's claim that discovery is incomplete and necessary to verify the accuracy of

such allocations, and plaintiff's failure to contest such allegation, or otherwise justify the propriety of its conduct with regard to those expense allocations, summary judgment was unwarranted (*see American Home Assur. Co. v Amerford Intl. Corp.*, 200 AD2d 472 [1994]).

While appellant also argues that the business judgment rule was entirely inapplicable here because there was an inherent conflict of interest with regard to the residential unit owner board member's improper assessment of expenses to the condominium to the benefit of the residential owners of the cooperative, there is no evidence in the record that only the residential unit owners on the board approved the allocation of expenses at issue or that they controlled the budget.

Finally, although appellant does not address the court's dismissal of its three counterclaims, appellant's first counterclaim, which was directly related to the foregoing issues, should not have been summarily dismissed. Appellant, however, fails to set forth any basis for reinstatement of its affirmative defense and second and third counterclaims regarding the propriety of the filing of the notice of pendency and treble damages. Moreover, while the condominium's bylaws provide for reasonable attorneys' fees incurred in enforcing its lien for the unpaid common charges, any award at this time is inappropriate since plaintiff did not meet its burden on its motion. Concur—Andrias, J.P., Saxe, Lerner, Friedman and Marlow, JJ.