■ BOARD OF MANAGERS OF NATIONAL PLAZA CONDOMINIUM I, Respondent, v ASTORIA PLAZA, LLC, Appellant, et al., Defendant. [835 NYS2d 387]—

In an action to foreclose liens upon condominium units for nonpayment of common charges, the defendant Astoria Plaza, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), entered December 13, 2005, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against it, for summary judgment dismissing the counterclaims asserted by it, to strike its answer, and for the appointment of a referee to compute the amounts owed to the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Astoria Plaza, LLC, for summary judgment dismissing the counterclaims of the defendant Astoria Plaza, LLC, to strike the answer of the defendant Astoria Plaza, LLC, and for the appointment of a referee to compute the amounts owed to the plaintiff are denied.

The plaintiff commenced this action to foreclose liens it caused to be placed on four condominium units owned by the defendant Astoria Plaza, LLC (hereinafter Astoria Plaza) for unpaid common charges going back to 1998. Astoria Plaza admitted in its answer that it had not paid any common charges since it acquired the units in 1998, but asserted that common charges had never been assessed or billed to it. The condominium declaration and bylaws do not provide for the specific amount of common charges; rather, they provide that the plaintiff shall determine and levy the common charges.

The only evidence submitted by the plaintiff that common charges were assessed and billed were: (1) letters dated March 7, 2005 informing Astoria Plaza that it was in arrears of its common charges in the amount of $18,200 for each of the four units it owned; (2) a statement in the affidavit of the plaintiff's president that he had demanded payment for unpaid common charges during personal conversations over the last five years with the principal of Astoria Plaza; and (3) a letter, submitted with the plaintiff's reply papers, dated November 13, 2002, suggesting that Astoria Plaza had failed and refused to pay common charges and other fees despite repeated requests and threats of legal action, but not stating amounts due or owed.

The plaintiff failed to submit any records to establish the manner in which the outstanding balance was calculated, nor did it otherwise demonstrate the reliability of the amount it claims was due for the period since 1998 (*see Board of Mgrs. of*

*229 Condominium v J.P.S. Realty Co.*, 308 AD2d 314, 315 [2003]). Under these circumstances, the plaintiff failed to establish its prima facie entitlement to summary judgment (*id.* at 316). Accordingly, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Astoria Plaza, to strike Astoria Plaza's answer, and for the appointment of a referee to compute the amounts owed to the plaintiff.

Further, because the plaintiff failed to demonstrate that there are no questions of fact with respect to Astoria Plaza's counterclaims, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment dismissing Astoria Plaza's counterclaims (*see Board of Mgrs. of Dickerson Pond Condominium I v Jagwani*, 250 AD2d 717 [1998]). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.