■ BOARD OF MANAGERS OF WEST AMHERST OFFICE PARK CONDOMINIUM, Appellant, v RMFSG, LLC, Respondent, et al., Defendants. (Appeal No. 1.) [61 NYS3d 401]—

Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered November 10, 2016. The order denied plaintiff's motion seeking, inter alia, summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced these actions to foreclose

on common charge assessment liens filed with respect to units at the West Amherst Office Park Condominium (Condominium) that are owned by RMFSG, LLC (defendant). In appeal No. 1, plaintiff appeals from an order that denied its motion seeking summary judgment foreclosing on the lien filed with respect to units 7 and 8 at the Condominium, and also seeking, inter alia, an order directing that the action be referred to a referee to compute the amount due to plaintiff. In appeal No. 2, plaintiff appeals from an order denying its motion seeking identical relief concerning unit 1.

We conclude that Supreme Court properly denied the respective motions. In each motion, plaintiff met its burden of establishing that, pursuant to the declaration establishing and governing the Condominium, plaintiff had the authority to collect common charges from the owners of units and, in the event of nonpayment, to add late fees, interest, attorneys' fees and other costs of collection to the assessment. Plaintiff, however, failed to demonstrate the reliability of the amounts it claims were due (*see Board of Mgrs. of Natl. Plaza Condominium I v Astoria Plaza, LLC*, 40 AD3d 564, 565-566 [2007]). The ledgers submitted by plaintiff in support of the motions are not self-explanatory, inasmuch as they consist of only columns of dates, indecipherable codes, and dollar amounts, and plaintiff's submissions are thus insufficient to establish its prima facie entitlement to summary judgment (*see id.* at 565-566; *Board of Mgrs. of 229 Condominium v J.P.S. Realty Co.*, 308 AD2d 314, 315 [2003]).

Further, even assuming, arguendo, that plaintiff met its initial burden, we conclude that defendant raised triable issues of fact whether the common charges were properly assessed by plaintiff or had been paid by defendant. Plaintiff correctly contends that, as a general rule, a dispute regarding the amount due does not constitute a defense in a foreclosure action (*see Wells Fargo Bank, N.A. v Deering*, 134 AD3d 1468, 1469 [2015]; *1855 E. Tremont Corp. v Collado Holdings LLC*, 102 AD3d 567, 568 [2013]). Defendant, however, does not dispute only the amount of the common charges, but also disputes the legitimacy of those charges, including, in particular, charges for attorneys' fees and related costs of collection that were allegedly assessed when defendant was current in its payments.

We reject defendant's alternative contention that summary judgment is premature. Defendant " 'failed to demonstrate that facts essential to oppose the motion[s] were in plaintiff's exclusive knowledge and possession and could be obtained by

discovery' " (*M&T Bank v HR Staffing Solutions, Inc.* [appeal No. 2], 106 AD3d 1498, 1499 [2013]; *see* CPLR 3212 [f]). Finally, apart from the affirmative defense of payment, which is discussed above, we do not address plaintiff's contentions with respect to the affirmative defenses raised in the answers. In its motions for summary judgment, plaintiff did not expressly challenge those affirmative defenses and, in opposition to the motions, defendant did not rely upon them. We may not search the record and award relief based upon a claim or defense that is not related to the subject of the motion (*see Baron v Brown*, 101 AD3d 915, 916-917 [2012]; *Quizhpe v Luvin Constr.*, 70 AD3d 912, 914 [2010]). Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.