**Board of Mgrs. of Tribeca Townhomes v 16 Warren St. PH, LLC**

2025 NY Slip Op 34413(U)

November 14, 2025

Supreme Court, New York County

Docket Number: Index No. 850018/2025

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. FRANCIS A. KAHN, III**          PART          **32**

                                                *Justice*

-----------------------------------------------------------------------X

BOARD OF MANAGERS OF TRIBECA TOWNHOMES AT 16 WARREN STREET CONDOMINIUM ON BEHALF OF THE UNIT OWNERS OF TRIBECA TOWNHOMES AT 16 WARREN STREET,

                                        Plaintiff,

                    - v -

16 WARREN STREET PH, LLC,JPMORGAN CHASE BANK, N.A., JOHN DOE AND MARY DOE,

                    Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850018/2025 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, the motion is determined as follows:

Plaintiff commenced this action to foreclose on a purported lien for unpaid common charges encumbering a premises located at 16 Warren Street, Unit PH, New York, New York. Defendant 16 Warren Street PH, LLC, the unit owner, answered and pled eight affirmative defenses as well a counterclaim. Plaintiff replied to the counterclaim. Now, Plaintiff moves for summary judgment against the appearing parties, a default judgment against the non-appearing parties, striking the appearing parties' answer and affirmative defenses and appointing a referee to compute. Defendant opposes the motion.

With respect to the cause of action for foreclosure of the lien for common charges, Real Property Law §339-aa provides that such a claim "may be foreclosed by suit authorized by and brought in the name of the board of managers, acting on behalf of the unit owners, in like manner as a mortgage of real property" (*see Board of Mgrs. of the Parkchester N. Condominium v. Alaska Seaboard Partners Ltd. Partnership,* 37 AD3d 332 [1st Dept 2007]). In this case, Plaintiff must submit proof of its "authority to collect common charges from the owners of units and, in the event of nonpayment, to add late fees, interest, attorneys' fees and other costs of collection to the assessment" (*Board of Mgrs. of W. Amherst Off. Park Condominium v RMFSG, LLC,* 153 AD3d 1611 [4th Dept 2017]). In addition, Plaintiff must demonstrate the reliability of or how the amounts were calculated (*see Board of Mgrs. of Natl. Plaza Condominium I v. Astoria Plaza, LLC,* 40 AD3d 564 [2d Dept 2007]). As in all foreclosure actions, a plaintiff moving for summary judgment, must establish a *prima facie* case exists to foreclose with proof in evidentiary form (*see* CPLR §3212[b]; *U.S. Bank, N.A., v James,* 180 AD3d 594 [1st Dept 2020]; *Tri-State Loan Acquisitions III, LLC v Litkowski,* 172 AD3d 780 [1st Dept 2019]; *Bank of NY v Knowles,* 151 AD3d 596 [1st Dept 2017]). Here, Plaintiff demonstrated with the affidavit of Chelseay Boulos ("Boulos"), the President of Plaintiff, its authority to collect common charges and that its method of calculation was reliable. As such, Plaintiff demonstrated, *prima facie,* its entitlement to summary judgment on its foreclosure cause of action.

850018/2025  BOARD OF MANAGERS OF TRIBECA TOWNHOMES AT 16 WARREN STREET
CONDOMINIUM ON BEHALF OF THE UNIT OWNERS OF TRIBECA TOWNHOMES AT 16
WARREN STREET vs. 16 WARREN STREET PH, LLC ET AL
Motion No. 001

Page 1 of 4

[* 1]

1 of 4

As to the affirmative defenses, as pled, all are entirely conclusory and unsupported by any facts in the answer. As such, these affirmative defenses are nothing more than unsubstantiated legal conclusions which are insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v. G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). Further, to the extent that specific legal arguments were not proffered in support of any affirmative defense, those defenses were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

In opposition, Defendant's suggestion the lien at issue is invalid as it fails to sufficiently specify "the date when due" pursuant to RPL §339-aa is without merit. That section does not require that charges forming the aggregate lien be itemized and dated accordingly. Without such a specific provision the viability of the lien is not "affect[ed] or impair[ed]" (RPL §339-aa). This is in accord with the express directive that the Condominium Act be "liberally construed to effect the purposes thereof" (RPL §339-ii). Claimed defects in the unit, the common areas and disagreement with actions taken by a condominium board do not justify withholding payment of common charges (*see Board of Mgrs. of Villas on the Lake Condominium v. Policicchio*, 228 AD3d 610, 612 [2d Dept 2024]; *Mailman v Abbady*, 216 AD2d 115 [1st Dept 1995]).

Any argument concerning the amount due, including attorney's fees, is not a defense to summary judgment as it can be addressed during the reference (*see 1855 E. Tremont Corp. v Collado Holdings LLC*, 102 AD3d 567 [1st Dept 2013]). Defendants' assertion the motion must be denied because no discovery has been conducted is unavailing as they have offered nothing to demonstrate Plaintiff is in exclusive possession of facts which would establish a viable defense to foreclosure of the lien (*see Island Fed. Credit Union v. I&D Hacking Corp.*, 194 AD3d 482 [1st Dept 2021]). Moreover, as "the affirmative defenses are precluded, no discovery could lead to facts that would warrant denial of plaintiff's summary judgment motion" (*Bernstein v Dubrovsky*, 169 AD3d 410 [1st Dept 2019]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted (*see* CPLR §3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Defendant's counterclaim is severed as that cause of action is wholly dissimilar and separable from the lien foreclosure action (*see Valley Sav. Bank v Rose*, 228 AD2d 666 [2d Dept 1997]).

Accordingly, it is

ORDERED that Plaintiff's motion for a summary judgment against the appearing Defendants on the first, second, third and fourth causes of action is granted; and it is further

ORDERED that the branch of the motion for a default judgment against the non-appearing parties is granted; and it is further

ORDERED that Defendant's counterclaim is severed; and it is further

850018/2025 BOARD OF MANAGERS OF TRIBECA TOWNHOMES AT 16 WARREN STREET CONDOMINIUM ON BEHALF OF THE UNIT OWNERS OF TRIBECA TOWNHOMES AT 16 WARREN STREET vs. 16 WARREN STREET PH, LLC ET AL
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

ORDERED that **Jeffrey R. Miller, Esq, 32 Broadway, 13th Floor, New York, New York 10004, 212-227-4200** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the tax parcel can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that they are in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that plaintiff shall forward all necessary documents to the Referee and to defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED the failure by defendants to submit objections to the referee shall be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that plaintiff must bring a motion for a judgment of foreclosure and sale within 30 days of receipt of the referee's report; and it is further

ORDERED that if plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to plaintiff's failure to move this litigation forward; and it further

ORDERED that the "John Doe" and "Jane Doe" defendants are removed as party defendants as the New York County Clerk will not accept any judgment for filing with a "Doe" defendant in the caption; and it is further

850018/2025  BOARD OF MANAGERS OF TRIBECA TOWNHOMES AT 16 WARREN STREET CONDOMINIUM ON BEHALF OF THE UNIT OWNERS OF TRIBECA TOWNHOMES AT 16 WARREN STREET vs. 16 WARREN STREET PH, LLC ET AL
Motion No. 001

Page 3 of 4

ORDERED that the caption shall be amended to read as follows:

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------------X
BOARD OF MANAGERS OF TRIBECA
TOWNHOMES AT 16 WARREN STREET
CONDOMINIUM ON BEHALF OF THE UNIT
OWNERS OF TRIBECA TOWNHOMES AT 16
WARREN STREET,

               Plaintiff,


               -against-

16 WARREN STREET PH, LLC,

               Defendants.
-------------------------------------------------------------------------------X

and it is further

ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

All parties are to appear for a virtual conference via Microsoft Teams on **March 12, 2026, at 10:20 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 11/14/2025 | | | |
|---|---|---|---|
| **DATE** | | FRANCIS KAHN, III, A.J.S.C. | |

HON. FRANCIS A. KAHN III
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | X | FIDUCIARY APPOINTMENT | | REFERENCE |

850018/2025  BOARD OF MANAGERS OF TRIBECA TOWNHOMES AT 16 WARREN STREET
CONDOMINIUM ON BEHALF OF THE UNIT OWNERS OF TRIBECA TOWNHOMES AT 16
WARREN STREET vs. 16 WARREN STREET PH, LLC ET AL
Motion No. 001

Page 4 of 4