| |
|---|
| **Board of Mgrs. of Broadway 98 Condominium v Arabatzis** |
| 2026 NY Slip Op 30953(U) |
| March 12, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 850247/2025 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. FRANCIS A. KAHN, III**                          PART                        32
                                                                        *Justice*

------------------------------------------------------------------------X
|  | INDEX NO. | 850247/2025 |

BOARD OF MANAGERS OF BROADWAY 98
CONDOMINIUM,                                              **MOTION DATE** _____

                                    Plaintiff,           **MOTION SEQ. NO.** _____001_____

                         - v -

MARK ARABATZIS, JP MORGAN CHASE BANK, N.A.,              **DECISION + ORDER ON**
JOHN DOE #1 THROUGH JOHN DOE #10                                **MOTION**

                                    Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35

were read on this motion to/for                    _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, the motion is determined as follows:

This is an action to foreclose on a lien for purported unpaid common charges encumbering a condominium unit located at 240 West 98th Street, Unit 10D/11D, New York, New York. Defendant Mark Arabatzis ("Arabatzis"), the unit owner, answered and pled five affirmative defenses. Defendant Defendant JP Morgan Chase Bank, N.A., ("Chase") answered and pled twelve affirmative defenses. Now, Plaintiff moves for summary judgment against Defendant Arabatzis, a default judgment against the non-appearing parties, and to appoint a Referee. Defendant Arabatzis opposes the motion. Chase submits partial opposition.

With respect to the cause of action for foreclosure of the lien for common charges, Real Property Law §339-aa provides that such a claim "may be foreclosed by suit authorized by and brought in the name of the board of managers, acting on behalf of the unit owners, in like manner as a mortgage of real property" (*see Board of Mgrs. of the Parkchester N. Condominium v. Alaska Seaboard Partners Ltd. Partnership,* 37 AD3d 332 [1ˢᵗ Dept 2007]). As in all foreclosure actions, a plaintiff moving for summary judgment, must establish a *prima facie* case exists to foreclose (*see U.S. Bank, N.A., v James,* 180 AD3d 594 [1ˢᵗ Dept 2020]; *Bank of NY v Knowles,* 151 AD3d 596 [1ˢᵗ Dept 2017]) with proof in evidentiary form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski,* 172 AD3d 780 [1ˢᵗ Dept 2019]). In this case, Plaintiff must submit proof of its "authority to collect common charges from the owners of units and, in the event of nonpayment, to add late fees, interest, attorneys' fees and other costs of collection to the assessment" (*Board of Mgrs. of W. Amherst Off. Park Condominium v RMFSG, LLC,* 153 AD3d 1611 [4ᵗʰ Dept 2017]). In addition, Plaintiff must demonstrate the reliability of or how the amounts were calculated (*see Board of Mgrs. of Natl. Plaza Condominium I v. Astoria Plaza, LLC,* 40 AD3d 564 [2d Dept 2007]).

Here, Plaintiff demonstrated with the Affirmation of Eileen Aluska ("Aluska"), the Assistant Secretary of Plaintiff, its authority to collect common charges and that its method of calculation was reliable. Plaintiff submits the Declaration and By-laws for the Condominium as well as the Plaintiff's ledger which provides Defendant's payment history and an accounting of the outstanding common charges, assessments, late fees, interest and attorneys' fees. With respect to Defendant Chase, Plaintiff failed to demonstrate what relief it seeks against this defendant, much less any legal justification therefore as required (*see Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d 493 [1st Dept 2010]). As such, Plaintiff demonstrated, *prima facie*, its entitlement to summary judgment on its foreclosure cause of action against Aluska only.

In opposition, Defendants failed to raise an issue of fact concerning the failure to pay the common charges or Plaintiff's authority to collect same. Defendant's argument disputing the amount due is not a defense to summary judgment (*see 1855 E. Tremont Corp. v Collado Holdings LLC*, 102 AD3d 567 [1st Dept 2013]). The pendency of another action, concerning alterations to the Defendant's condominium unit (*see* NY Cty Index No. 150576/2024) does not excuse payment of common charges (*see Board of Mgrs. of Villas on the Lake Condominium v Policicchio*, 228 AD3d 610, 612 [2d Dept 2024]; *Mailman v Abbady*, 216 AD2d 115 [1st Dept 1995]). Additionally, Defendant's argument that he was entitled to a pre-foreclosure notice is unavailing as there is no such requirement in the by-laws (*see Bd. of Managers of Lenox Ct. Condo. v Kurtin*, 233 AD3d 406 [1st Dept 2024]). Finally, Defendants' assertion that the motion must be denied because no discovery has been conducted is unavailing as they have offered nothing to demonstrate Plaintiff is in exclusive possession of facts which would establish a viable defense to foreclosure of the lien (*see Island Fed. Credit Union v. I&D Hacking Corp.*, 194 AD3d 482 [1st Dept 2021]).

The branch of Plaintiff's motion for default judgment against the non-appearing parties is denied as unnecessary as the "John Doe" defendants have been stricken from the caption, infra.

Accordingly, it is

ORDERED that Plaintiff's motion for a summary judgment against the Defendant Aluska is granted, but denied as to Defendant Chase; and it is further

ORDERED that the branch of the motion for a default judgment against the non-appearing parties is denied; and it is further

ORDERED that **Sofia Balile, Esq., 155 Water Street, Ste. 311, Brooklyn, New York 11201, 646-580-6116** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the tax parcel can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that they are in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

[* 2]

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that plaintiff shall forward all necessary documents to the Referee and to defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that the failure by defendants to submit objections to the referee shall be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that plaintiff must bring a motion for a judgment of foreclosure and sale within 30 days of receipt of the referee's report; and it is further

ORDERED that if plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to plaintiff's failure to move this litigation forward; and it further

ORDERED that all the "Doe" Defendants are stricken as the New York County Clerk will not accept a judgment for filing with a "Doe" defendant in the caption; and it is further

ORDERED that the caption shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
THE BOARD OF MANAGERS OF BROADWAY 98
CONDOMINIUM,

                                    Plaintiff,
                -against-

MARK ARABATZIS and JP MORGAN CHASE BANK, N.A.,

                                    Defendants.
------------------------------------------------------------------------X

850247/2025  BOARD OF MANAGERS OF BROADWAY 98 CONDOMINIUM vs. ARABATZIS,                    Page 3 of 4
MARK ET AL
Motion No. 001

[* 3]                                                    3 of 4

and it is further

ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

All parties are to appear for a virtual conference via Microsoft Teams on **July 16, 2026, at 10:20 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 3/12/2026 | | | | |
|-----------|---|---|---|---|
| DATE | | | FRANCIS KAHN, III, A.J.S.C. | |
| CHECK ONE: | | CASE DISPOSED | X NON-FINAL DISPOSITION | HON. FRANCIS A. KAHN III |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER J.S.C. |
| APPLICATION: | | SETTLE ORDER | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | X FIDUCIARY APPOINTMENT | REFERENCE |

850247/2025  BOARD OF MANAGERS OF BROADWAY 98 CONDOMINIUM vs. ARABATZIS,          Page 4 of 4
MARK ET AL
Motion No. 001

4 of 4

[* 4]