Board of Mgrs. of Washington Ct. Condominium v Carl
2026 NY Slip Op 03918
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Board of Managers of Washington Court Condominium, Respondent,
v
Bernard J. Carl et al., Appellants, U.S. Bank National Association etc., et al., Defendants.

Decided and Entered: June 23, 2026
Index No. 160615/24|Appeal No. 6947|Case No. 2026-00746|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, JJ.

Capuder Fazio Giacoia LLP, New York (Douglas M. Capuder of counsel), for appellants.
Nathan M. Ferst, New York, for respondent.

[*1]
Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered January 14, 2026, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on its claims for unpaid common charges, referred the matter to a referee to determine the amount due and owing, and denied defendants' cross-motion pursuant to CPLR 3212(f) to deny summary judgment and continue discovery, unanimously affirmed, without costs.
Plaintiff, a condominium board, established its prima facia case against defendants for unpaid common charges by submitting evidence of its authority to collect assessments of common charges and fees, invoices reflecting defendants' account, and an affidavit attesting to defendants' failure to pay the balance due (see Board of Mgrs. of the Club at Turtle Bay v McGown, 226 AD3d 468, 469 [1st Dept 2024]). The burden then shifted to defendants to demonstrate "a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff," that defendants paid all amounts due, or that none of the common charges were properly assessed (U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez, 49 AD3d 711, 711 [2d Dept 2008]; see Board of Mgrs. of W. Amherst Off. Park Condominium v RMFSG, LLC, 153 AD3d 1611, 1612 [4th Dept 2017]; First Nationwide Bank v Goodman, 272 AD2d 433, 434 [2d Dept 2000]).
In opposition, defendants failed to raise any triable issue of fact. Defendants did not deny that at least some of the common charges for the unit had not been paid but rather argued that the amount owed is less than the amount claimed by plaintiff due to an abatement clause in plaintiff's bylaws. Where, as here, defendants challenge only the amount due, the proper procedure is an order of reference to determine the amount due and owing to plaintiff (see 1855 E. Tremont Corp. v Collado Holdings LLC, 102 AD3d 567, 568 [1st Dept 2013]; Johnson v Gaughan, 128 AD2d 756, 756-757 [2d Dept 1987]). The extent, if any, of the abatement may be addressed by the referee.
The court properly denied defendants' the motion pursuant to CPLR 3212(f) as defendants' need for evidence does not affect summary judgment. The court properly severed defendants' counterclaim that plaintiff breached the applicable condominium agreements, regulations and bylaws, as defendants may address the extent, if any, of damages their apartment suffered from plaintiff's inaction through that counterclaim (see New York Natl. Bank v Harris, 182 AD2d 680, 680-681 [2d Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026